# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CHERYL ODE, CHELSEA RODRIGUEZ and ANN ROGICH, <br><br> Plaintiffs, <br><br> v. <br><br><br> ANHEUSER-BUSCH, LLC, <br><br> Defendant. | Civil Action File No.: <br><br> 4:19-cv-00233-WMR |

## ORDER

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R & R") [Doc. 16], which recommends that Defendant's Motion to Dismiss or Stay and to Compel Arbitration [Doc. 8] be DENIED. Defendant has filed objections to the R & R. [Doc. 18]. Specifically, Defendant makes three objections to the Magistrate Judge's recommendations: (1) the R & R erred in finding the Dispute Resolution Program's ("DRP") delegation clause to be inapplicable; (2) the R & R erred in finding that Plaintiffs' challenge to the delegation clause was sufficient; and (3) the R & R erred in finding that the arbitration agreements are superseded by the Collective Bargaining Agreement ("CBA"). [*Id.*]. For the following reasons, this Court adopts the recommendations

1

of the Magistrate Judge and DENIES Defendant's Motion to Dismiss or Stay and Compel Arbitration [Doc. 8].

Under 28 U.S.C. § 636(b)(1), the Court reviews the R & R for clear error if no objections are filed by either party within fourteen days of service.  If a party does file objections, the Court must review *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection.  *Id.*; Fed. R. Civ. P. 72(b).  As Defendant has filed objections to the R & R in this case, the *de novo* standard applies to the portions of the R & R subject to Defendant's objections.

### I.  LEGAL STANDARD ON MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") states that agreements requiring the submission of disputes to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Under the FAA, a court must either stay or dismiss a lawsuit and compel arbitration if there is a valid arbitration agreement.  *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

In reviewing a motion to compel arbitration, a court must consider whether "(1) there is a valid written agreement to arbitrate; (2) the issue [sought to be arbitrated] is arbitrable under the agreement; and (3) the party asserting the claims has failed or refused to arbitrate the claims."  *McBride v. Gamestop, Inc.*, No. 1:10-

CV-2376-RWS, 2011 WL 578821, at *2 (N.D. Ga. Feb. 8, 2011) (quoting *Lomax v. Woodmen of the World Life Ins. Soc'y*, 228 F. Supp. 2d 1360, 1362 (N.D. Ga. 2002)).

In determining whether an arbitration agreement exists, courts should generally apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The movant bears the burden of proving "[t]he existence and terms of [the] contract . . . by a preponderance of the evidence." *Bazemore v. Jefferson Cap. Sys.,* LLC, 827 F.3d 1325, 1330 (11th Cir. 2016). As with a motion for summary judgment, a district court considering an arbitration agreement should give the party denying the agreement the benefit of all reasonable doubts and inferences that may arise. *Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 786 (11th Cir. 2008); *Rodriguez v. Castforce, Inc.*, 190 F. Supp. 3d 1148, 1152 (N.D. Ga. 2016).

Additionally, under the National Labor Relations Act, unions have the authority to negotiate with employers and waive the rights of covered employees to judicial forums and jury trials for the vindication of statutory rights and to replace those with arbitration. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 255-56 (2009). Such a waiver contained in a CBA must "clearly and unmistakably" require union members to arbitrate their statutory discrimination claims in order for a court to

enforce arbitration. *Id.* at 260. Indeed, a CBA is required to "explicitly state" that there is an agreement to arbitrate statutory discrimination claims. *Id.* at 258-59 (citing *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998)).

## II.   FACTUAL BACKGROUND

Plaintiffs Cheryl Ode ("Ode"), Chelsea Rodriguez ("Rodriguez") and Ann Rogich ("Rogich") are hourly, union workers employed by Defendant Anheuser-Busch, LLC ("AB" or "Defendant"). [Doc. 8-2 at 2, Exhibit 1 at ¶¶ 4-5 (hereinafter "Hlubek Decl.")]. Ode applied for and began her employment with AB in December 2004; Rodriguez applied for employment with AB in March 2003 and began her employment in May 2003; and Rogich began her employment with AB in May 2013. [Hlubek Decl. at ¶ 3].

Ode and Rodriguez's Employment Applications provided:

I AGREE THAT IF I BECOME EMPLOYED BY THE COMPANY, AND UNLESS A WRITTEN CONTRACT PROVIDES TO THE CONTRARY, ANY CLAIM I MAY HAVE AGAINST THE COMPANY WILL BE SUBJECT TO FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH THE COMPANY'S DISPUTE RESOLUTION PROGRAM ["DRP"], AND THAT ARBITRATION WILL BE THE EXCLUSIVE METHOD I WILL HAVE FOR FINAL AND BINDING RESOLUTION OF ANY SUCH CLAIM.

[Doc. 8-2, Exhibit A, at 6-9].

In or about August 2012, Rogich received an electronic confirmation notice prior to submitting an online application for employment with AB.  [Doc. 8-3 at 2-3, Exhibit 2 at ¶¶ 3-4 (hereinafter "Schmitt Decl.")].  In submitting her application, Rogich clicked a submit button confirming that she understood all of the information in the Confirmation Notice.  [Schmitt Decl. at ¶¶ 6-7].  The Confirmation Notice provided as follows:

> If hired, unless a written contract provides otherwise, I agree that work-related disputes between the Company and me will be subject to final and binding arbitration under the Company's Dispute Resolution Program (DRP). I further agree that arbitration will be the exclusive method the Company and I will have for final and binding resolution of claims covered by the DRP.

[*Id*. at ¶ 5].

Under the "Covered Employees" section, the DRP states that the "DRP applies to all salaried and non-union hourly employees of Anheuser-Busch Companies, Inc., or any of its U.S. subsidiaries." [Doc. 9-2 at 3].  The DRP provides that the "arbitrator's decision is the final, binding and exclusive remedy for the Employee's covered claim(s)" and the DRP "constitutes the sole agreement between the Company and its Employees concerning the requirements of the DRP."  [*Id*.]. The DRP further provides that "[b]y accepting or continuing employment with the Company, new and current Employees agree, as a condition of their employment, that all covered claims are subject to the DRP process, and that an Arbitrator's award

5

shall be a final, binding, and exclusive determination of their covered claims." [*Id.* at 18, art. 17.1]. Gender discrimination claims are included under "Covered Claims" in the DRP. [*Id.* at 6]. The DRP also includes a delegation clause, which states that "[t]he Arbitrator shall have exclusive authority to resolve any dispute relating to the applicability, enforceability or formation of the DRP, including any claim that all or part of the DRP is invalid or unenforceable." [Doc. 9-2 at 17, art. 13.1].

Plaintiffs are members of Local Union No. 1129 affiliated with the Teamsters Chauffeurs, Warehousemen, and Helpers of America, the Brewery and Soft Drink Workers Conference, U.S.A. and Canada (the "Union"). [Doc. 8-1 at 3]. Plaintiffs' employment with AB is governed by a Collective Bargaining Agreement ("CBA") between AB and the Union. [Hlubek Decl. at ¶ 4]. Article 8 of the CBA sets out a general grievance procedure with arbitration as the final step. [Doc. 9-1 at 16-19]. Grievance is defined in the CBA as "any difference between [AB] and the employee covered by this Agreement as to the following: . . . [a]ny matter involving the meaning, interpretation, application or alleged violation of this Agreement by the [AB]." [*Id.* at 16-17]. The CBA specifies that disputes arising from Articles 43 and/or 44 and out of the Family and Medical Leave Act ("FMLA") are subject to binding arbitration, but these sections do not address discrimination claims. [*Id.* at 14, 62]. Notably, Article 26 of the CBA provides:

6

> Neither the Employer nor the Union shall discriminate against any individual because of race, color, religion, sex, national origin, ancestry, age, disability, Vietnam era veteran or disabled veteran status with respect to any term or condition of employment, or any other right, benefit, duty, or obligation created and/or protected by the provisions of this Agreement. Nothing in this collective bargaining agreement shall prevent any employee from lodging any charge, complaint, or claim seeking redress for alleged violations of any statutory rights or obligations in the applicable and appropriate forum.

[*Id.* at 39].

On October 8, 2019, Plaintiffs filed their Complaint. [Doc. 1]. On December 3, 2019, Plaintiffs filed their Amended Complaint alleging six counts: (i) Gender Discrimination pursuant to Title VII; (ii) Retaliation pursuant to Title VII; (iii) Negligent Supervision and Retention; (iv) Assault; (v) Battery; and (vi) Attorney's Fees. [Doc. 3 at ¶¶ 60-104]. On February 13, 2020, Defendant filed the present Motion to Dismiss or Stay and to Compel Arbitration pursuant to the DRP and CBA. [Doc. 8]. On April 9, 2020, the Magistrate Judge issued his R & R recommending Defendant's Motion to Dismiss or Stay and to Compel Arbitration be denied. [Doc. 16]. The Magistrate Judge found that the CBA does not mandate arbitration of Title VII claims and that the DRP does not apply to Plaintiffs. [*Id.* at 4, 7]. On April 23, 2020, Defendants filed their objections to the Magistrate Judge's R & R, stating that the issue of arbitrability is a question for the arbitrator pursuant to the DRP's delegation clause because: (1) the R & R erred in finding the DRP's delegation

clause to be inapplicable; (2) the R & R erred in finding that Plaintiffs' challenge to the delegation clause was sufficient; and (3) the R & R erred in finding that the arbitration agreements are superseded by the CBA. [Doc. 18].

## III. DISCUSSION

Defendant asks this Court to dismiss or stay this litigation and compel arbitration of Plaintiffs' claims pursuant to either the CBA or the DRP. [Doc. 8]. As noted above, the Magistrate Judge concluded that the CBA does not mandate arbitration of Title VII claims because the final sentence of Article 26, which provides that nothing in the CBA will prevent any employee from lodging a complaint for alleged violations of statutory rights "in the applicable and appropriate forum," coupled with the ambiguous definition of grievances in Article 8, which can be interpreted to include only grievances related to the requirements of the CBA itself rather than those related to the statutory requirements of Title VII, makes it such that the CBA does not "clearly and unmistakably" require arbitration of Plaintiffs' discrimination claims. [Doc. 16 at 4-6]. The Magistrate Judge further found that the CBA does not require arbitration of Plaintiffs' claims because the CBA specifically included an arbitration requirement for FMLA claims, but not for discrimination claims. [*Id.* at 6-7].

Regarding the DRP, the Magistrate Judge concluded the DRP is superseded by the CBA, and because the CBA does not require arbitration of Plaintiffs' claims, Defendant cannot succeed on its Motion. [*Id.* at 10-11]. The Magistrate Judge also found that the DRP does not even apply to Plaintiffs because Plaintiffs are hourly, union employees and the DRP limits its application to salaried, non-union employees by its own terms. [*Id.* at 9]. The Magistrate Judge explained that because the DRP is inapplicable to Plaintiffs, it follows that the delegation clause is also inapplicable. [*Id.* at 11].

Defendant asserts three objections to the Magistrate Judge's recommendations: (1) the R & R erred in finding the DRP's delegation clause to be inapplicable; (2) the R & R erred in finding that Plaintiffs' challenge to the delegation clause was sufficient; and (3) the R & R erred in finding that the arbitration agreements are superseded by the CBA. [Doc. 18]. In their response to Defendant's objections, Plaintiffs argue that because the DRP does not apply to Plaintiffs by its own terms, Defendant's arguments regarding the delegation clause in the DRP are irrelevant. [Doc. 20 at 12-13]. Plaintiffs further argue that the CBA supersedes the DRP as a written contract entered into after Plaintiffs agreed to the DRP. [*Id.* at 6-8]. The Court will address each of Defendant's objections to the Magistrate Judge's R & R below.

**A. The DRP's Delegation Clause Is Inapplicable to Plaintiffs**

Defendant first argues that the Court "only retain[s] jurisdiction to review a challenge" specifically to the delegation clause and the determination of the DRP's enforceability is exclusively within the arbitrator's authority. [Docs. 18 at 3-4; Doc. 9-2 at 16, art. 13.1 (The DRP states that the arbitrator has the "exclusive authority to resolve any dispute relating to the applicability, enforceability or formation of the DRP, including any claim that all or part of the DRP is invalid or unenforceable.")]; *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015). Defendant further argues that Plaintiffs failed to sufficiently challenge the delegation clause specifically by only challenging the enforceability of the contract in its entirety. [Doc. 18 at 4-5].

By its own terms, the DRP is not applicable to Plaintiffs as hourly, union employees. [Doc. 9-2 at 3 ("The DRP applies to all salaried and non-union hourly employees of Anheuser-Busch Companies, Inc., or any of its U.S. subsidiaries.")]. Under the doctrine of *expressio unius est exclusio alterius*, which "instructs that when certain matters are mentioned in a contract, other similar matters not mentioned were intended to be excluded," the DRP's application to salaried and non-union hourly employees implies that hourly, union employees are not subject to the DRP's provisions. *See Plumbers & Steamfitters Local No. 150 Pension Fund v.*

10

*Vertex Constr. Co.*, 932 F.2d 1443, 1449 (11th Cir. 1991).  Thus, the Court agrees with the Magistrate Judge that the DRP is inapplicable to Plaintiffs.

Defendant is correct that the DRP includes a delegation clause granting "exclusive authority" to the arbitrator to resolve any disputes relating to the applicability, enforceability or formation of the DRP.  [Doc. 9-2 at 16, art. 13.1].  Courts "only retain jurisdiction to review a challenge" to a specific delegation clause.  *Parnell*, 804 F.3d at 1144; *see also Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1335 (11th Cir. 2016) ("Only if [a court] determine[s] that the delegation clause is itself invalid or unenforceable may [the court] review the enforceability of the arbitration agreement as a whole.").  Here, Defendant contends that Plaintiffs failed to sufficiently challenge the specific delegation clause.  [Doc. 18 at 4-5].  In support of its argument, Defendant relies on *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63 (2010), to establish that because the delegation clause was not sufficiently challenged, the applicability of the DRP is under the exclusive province of the arbitrator.  [*Id.*].  In *Rent-A-Center*, the Supreme Court found that the issue of enforceability of the arbitration agreement was for the arbitrator because the defendant only challenged the agreement as a whole with no mention of the delegation clause.  561 U.S. at 66, 72.

*Rent-A-Center*, however, is inapplicable here because Plaintiffs incorporated their argument against the DRP as a whole to the specific delegation clause. [Doc. 9 at 11 ("[B]ecause the DRP does not bind Plaintiffs, the delegation clause has no application either.")]. The Supreme Court specifically distinguished *Rent-A-Center* from the current facts by stating that its decision may have been different if the defendant in *Rent-A-Center* had applied his arguments to the agreement as a whole to the specific delegation provision, as Plaintiffs have done in this case. *Rent-A-Center*, 561 U.S. at 74; *see also MacDonald v. CashCall, Inc.*, 883 F.3d 220, 226-27 (3d Cir. 2018) (holding the plaintiff's challenge of the delegation clause sufficient where the plaintiff alleged the delegation clause was unenforceable for the same reasons that the arbitration procedure in the agreement as a whole was unenforceable).

Defendant argues that Plaintiffs' "*one* sentence" on the delegation clause is insufficient to trigger judicial review because it is the same argument used against the DRP as a whole. [Doc. 18 at 4-5 (emphasis in original)]. However, the Court disagrees and concludes that the sentence is sufficient to make Plaintiffs' arguments to the entire agreement applicable specifically to the delegation clause. Because the entirety of the DRP applies to only salaried, non-union employees, it follows that the delegation clause also applies only to salaried, non-union employees. Therefore,

12

the Court agrees with the Magistrate Judge's recommendation and finds that Plaintiffs, as hourly, union employees, are not subject to either the DRP or its delegation clause.

### B. The CBA Supersedes the DRP and Does Not Require Arbitration of Plaintiffs' Title VII Claims

Defendant further argues that the CBA does not supersede the DRP because a CBA is not a contract of employment and because Plaintiffs are third-party beneficiaries to the CBA and not signatories. [*Id.* at 6-8]. Like the Magistrate Judge, this Court disagrees and finds that the CBA does supersede the DRP and does not compel arbitration of Plaintiffs' claims.

The arbitration agreements Plaintiffs signed to obtain employment with AB all contained a statement to the effect that arbitration is binding unless "a written contract provides otherwise." [Schmitt Decl. at ¶ 5; Hlubek Decl., Exhibit A at 6-9]. Here, the CBA constitutes a "written contract" providing otherwise because: (1) it is a written contract concerning Plaintiffs' employment; (2) it followed Plaintiffs' agreement to the DRP; and (3) it provides otherwise by not requiring arbitration of discrimination claims. Defendant's argument that the CBA does not supersede the DRP because the CBA is not a contract of employment fails because nothing in the DRP requires that a superseding "written contract" specifically be a contract of employment.

13

And, even though Plaintiffs are third-party beneficiaries, they are entitled to all of the benefits of the CBA, including the right to file claims for alleged violations of their statutory rights in applicable and appropriate forums. *See J.I. Case Co. v. NLRB*, 321 U.S. 332, 336 (1944) ("[A]n employee becomes entitled by virtue of the Labor Relations Act somewhat as a third party beneficiary to all benefits of the collective trade agreement . . . . The individual hiring contract is subsidiary to the terms of the trade agreement and may not waive any of its benefits . . . ."). Thus, the Court agrees with the Magistrate Judge that the CBA supersedes the DRP in this case.

Furthermore, the Court finds that the CBA does not require arbitration of Plaintiffs' discrimination claims. The Supreme Court requires that a CBA "clearly and unmistakably" require arbitration of discrimination claims. *Pyett*, 556 U.S. at 258, 274. Here, the CBA does not "clearly and unmistakably" require arbitration of Plaintiffs' discrimination claims because it (1) states that nothing in the CBA prevents an employee from filing suit for alleged violations of statutory rights in an appropriate forum, and (2) specifies certain statutory claims that must be arbitrated without including statutory discrimination claims.

Article 26 of the CBA states that "[n]othing in this collective bargaining agreement shall prevent any employee from lodging any charge, complaint, or claim

14

seeking redress for alleged violations of any statutory rights or obligation in the applicable and appropriate forum." [Doc. 9-1 at 39]. This Court is an appropriate forum for Plaintiffs' claims. Defendant contends, however, that arbitration is also an appropriate forum and "[n]owhere in the CBA does it limit an 'appropriate forum' exclusively to federal district courts." [Doc. 10 at 2]. Defendant's argument, however, highlights the ambiguity created by Article 26 of the CBA. The CBA, in arguably providing for various "appropriate forums" for discrimination claims, does not "clearly and unmistakably" require arbitration for such claims. Thus, the language does not meet the legal standard to compel arbitration.

Additionally, the CBA explicitly requires arbitration of FMLA claims, but does not specify that discrimination claims require arbitration, which further demonstrates the CBA does not require arbitration of Plaintiffs' claims in this case. [Doc. 9-1 at 14]. Therefore, in sum, the Court agrees with the Magistrate Judge and concludes that the CBA does not "clearly and unmistakably" require arbitration of discrimination claims. As such, Defendant cannot compel arbitration of Plaintiffs' claims under the CBA. *Pyett*, 556 U.S. at 274.

## IV. CONCLUSION

Upon due consideration of the record, the Non-Final Report and Recommendation [Doc. 16], Defendant's Objections [Doc. 18], and Plaintiffs'

Response [Doc. 20], the Court hereby **DENIES** Defendant's Motion to Dismiss or Stay and Compel Arbitration [Doc. 8].

**IT IS SO ORDERED** this 19th day of August, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE