# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

**CHERYL ODE and CHELSEA RODRIGUEZ,**

    **Plaintiffs,**

v.                                Case No. 4:19-cv-233-WMR

**ANHEUSER-BUSCH BREWING PROPERTIES, LLC,**          **JURY TRIAL DEMANDED**

    **Defendant.**

_____/

## PROPOSED CONSOLIDATED PRETRIAL ORDER

Plaintiffs Cheryl Ode and Chelsea Rodriguez and Defendant Anheuser-Busch Brewing Properties, LLC, jointly submit this Proposed Consolidate Pretrial Order.

(1) There are no motions or other matters pending for consideration by the court except as noted.

**Response:  The Parties' motions *in limine* are pending before the Court.**

(2) All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence

and for use at trial.

**Response:  The Parties agree that discovery is complete. If the Parties determine that depositions are needed to preserve evidence, they will work cooperatively to schedule the same.**

(3)     Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Response**: **The names of the Parties are correct, and there is no question about misjoinder or non-joinder of any parties.**

(4)     Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.

**Response:  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e *et seq.* (Title VII).**

(5)     The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff: Lisa C. Lambert and Cheryl B. Legare**

**Defendant: Jeffrey A. Schwartz**

(6)     Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiffs

should not be permitted to open arguments to the jury.

**Response:  None.**

(7)	The captioned case shall be tried (**X**) to a jury or (\_\_\_\_) to the court without a jury, or (\_\_\_\_) the right to trial by jury is disputed.

**The Parties propose that the captioned case shall be tried to a jury on the issues of liability, and compensatory and punitive damages under Title VII. Plaintiffs contend that entitlement to any form of equitable relief, including lost wages, as well as Plaintiffs' entitlement to attorney's fees and costs are legal issues to be decided by the Court after a determination of liability.** *See, e.g., Franks v. Bowman Transportation Co.,* **424 U.S. 747, 763–64 (1976);** *James v. Stockham Valves & Fittings Co.,* **559 F.2d 310, 354 (5th Cir. 1977);** *Albemarle Paper Company v. Moody,* **422 U.S. 405, 418 (1975).**

(8)	State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

**Response:  The Parties do not believe that there is reason to bifurcate the trial.**

(9)	Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the

jurors concerning their legal qualifications to serve.

**Response:** *See* **Attachment A.**

(10)   Attached hereto as **Attachment "B-1"** are the general questions which plaintiffs wish to be propounded to the jurors on voir dire examination.

Attached hereto as **Attachment "B-2"** are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters.  The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

**Response:** *See* **Attachments B-1 and B-2.**

(11)   (a) State any objections to plaintiff's voir dire questions.

**Response:  Defendant's Objections are attached as Attachment B-3.**

(b) State any objections to defendant's voir dire questions.

**Response:  Plaintiff's Objections are attached as Attachment B-4.**

(12)   All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.

The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).

**Response: The Parties do not request additional preemptory challenges.**

(13) State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**Response: There is no pending related litigation.**

(14) Attached hereto as Attachment "C" is the Plaintiffs' outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**Response:**  *See* **Attachment C.**

(15)   Attached hereto as Attachment "D" is defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

**Response:**  *See* **Attachment D.**

(16)   Attached hereto as "Attachment E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**Response:**  *See* **Attachment E.**

(17)  The legal issues to be tried are as follows:

**Plaintiffs' Proposed Legal Issues To Be Tried:**

1. **Whether Defendant discriminated against Plaintiff Ode in violation of Title VII.**

2. **Whether Defendant retaliated against Plaintiff Ode in violation of Title VII.**

3. **Whether Defendant retaliated against Plaintiff Rodriguez in violation of Title VII.**

4. **Whether Plaintiff Ode should be awarded compensatory damages for emotional pain and suffering.**

5. **Whether Plaintiff Rodriguez should be awarded compensatory damages for emotional pain and suffering.**

6. **Whether Plaintiff Ode should be awarded lost wages.**

7. **Whether punitive damages should be awarded against Defendant.**

8. **Whether Plaintiff Ode is entitled to equitable relief.**

9. **Whether Plaintiff Rodriguez is entitled to equitable relief.**

10. **Post-trial, the amount of attorney's fees and costs that Plaintiffs are entitled to.**

**Defendant's Proposed Legal Issues To Be Tried:**

1. **Whether Plaintiff Ode can demonstrate she was subjected to a hostile work environment based on gender under Title VII.**

2. **Whether Plaintiffs were subjected to retaliation under Title VII.**

3. **Whether Defendant acted in accordance with, and in good faith compliance of, federal law so as to preclude an award of liquidated or punitive damages under Title VII.**

4. **Whether any tangible adverse employment action was taken against Plaintiffs.**

5. **Whether Defendant exercised reasonable care to prevent and promptly correct the alleged harssing behavior.**

6. **Whether Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.**

7. **Whether Defendant is entitled to attorney's fees, and, if so, in what amount.**

8. **Whether some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.**

9. **Whether, at all times, Defendant's actions with regard to Plaintiffs have been in conformance with all applicable laws, rules, and regulations, and Plaintiffs' rights have not been violated.**

10. **Whether Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to exhaust their administrative remedies or otherwise satisfy all conditions precedent or statutory prerequisites to bringing and maintaining their claims against Defendant.**

11. **Whether Defendant at all times acted in good faith and had objectively reasonable grounds to believe that the act(s) or omission(s) identified by Plaintiffs did not violate Title VII.**

12. **Whether Plaintiffs have unclean hands.**

13. **Whether Plaintiffs' claims are barred by the after-acquired evidence doctrine.**

(18)   Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3," etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witnesses who might express opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that

a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses who use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**Response:** *See* **Attachments F-1, Plaintiff's Witness List and F-2, Defendant's Witness List.**

(19)   Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3," etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists

by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Response:**   *See* **Attachments G-1, Plaintiff's Exhibit List and G-2,**

**Defendant's Exhibit List. Attachment G-3 is Plaintiff's objections to Defendant's proposed exhibits. Attachment G-4 is Defendant's objections to Plaintiff's proposed exhibits.**

(20)   The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**The Parties request fourteen (14) days prior to trial to designate any portions of deposition testimony of any witness appearing on either Party's list who is unavailable for trial, who is outside the Court's subpoena power, or whose testimony is authorized for use under the Federal Rules of Evidence. The Parties further request that any objections to the designations be filed seven (7) days prior to trial. Parties need not designate testimony to be used solely for impeachment in advance of trial.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than seven days prior to trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

(21)   Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the

defendant, and "H-3," etc. for other parties are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of this case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**Response:  The Parties request that they be permitted, but not required, to file trial briefs no later than seven (7) days before trial.**

(22)   In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1 will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited

authority.

(23) If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Response:** *See* **Attachments I-1, Plaintiff's requested verdict form, and I-2, Defendant's requested verdict form.**

(24) Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Response: The Parties agree to thirty (30) minutes per side for closing arguments.**

(25) If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Response: Not applicable.**

(26) Pursuant to LR 16.3, lead counsel and persons processing settlement authority to bind the parties met via conference call on February 28, 2022, to discuss

in good faith the possibility of settlement of this case. The court (____) has or (**X**) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(____) A good possibility of settlement.

(____) Some possibility of settlement.

(**X**) Little possibility of settlement.

(____) No possibility of settlement.

(27)   Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**Response:** **AB notes that almost all of the defense witnesses reside outside of Georgia. The Parties have discussed allowing those who live outside of Georgia to travel to the nearest federal courthouse and appear via video. Because of these logistical challenges, Defendant requests a special setting.**

(28)   The Plaintiffs estimates that it will require **two to three days** to present their evidence.  The Defendant estimates that it will **require two to three days** to present their evidence.  It is estimated that the total trial **time is four to six days**.

(29)   IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (____) submitted by stipulation of the parties or (____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.  Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2022.

_____
HONORABLE WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

| Counsel for Plaintiffs: | Counsel for Defendant: |
|---|---|
| **Lisa C. Lambert** | **Jeffrey A. Schwartz** |
| Lisa C. Lambert | Jeffrey A. Schwartz |
| Georgia Bar No. 142135 | Georgia Bar No. 558465 |
| 245 N. Highland Avenue | Sapna K. Jain |
| Suite 230-139 | Georgia Bar No. 680949 |
| Atlanta, Georgia 30307 | Timothy M. Boughey |
| 404.556.8759 | Georgia Bar No. 832112 |
| lisa@civil-rights.attorney | |
| | JACKSON LEWIS P.C. |
| **Cheryl B. Legare** | 171 17th Street NW |
| Cheryl B. Legare | Suite 1200 |
| Georgia Bar No. 038553 | Atlanta, Georgia 30363 |
| Camille D. Jones | Telephone: (404) 525-8200 |
| Georgia Bar No. 612930 | Fax: (404) 525-1173 |
| LEGARE, ATTWOOD & WOLFE, LLC | Jake.Schwartz@jacksonlewis.com |
| 125 Clairemont Avenue, Suite 380 | Sapna.Jain@jacksonlewis.com |
| Decatur, Georgia 30030 | Timothy.Boughey@jacksonlewis.com |
| Telephone: 470-823-4000 | |
| cblegare@law-llc.com | |
| cdjones@law-llc.com | |
| | |
| Daniel E. DeWoskin | |
| Georgia Bar No. 220327 | |
| DeWoskin Law Firm, LLC | |
| 535 N. McDonough Street | |
| Decatur, Georgia 30030 | |
| Telephone: 404-987-0026 | |
| dan@atlantatrial.com | |